SHOTKIN & ASSOCIATES LAW OFFICE P.C.
I. Frederick Shotkin
Leonard X. Gillespie
45 West 34th Street, Suite 603
New York, New York 10001
T. (212) 268-8668
F. (212) 268-8686
slwlawny@gmail.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
XIN WEI SUN, BAO GUO ZHANG, LING ZOU, on behalf of
themselves and others similarly situated,

                                                Plaintiffs,

                  -against-

UMI SUSHI, INC, and ZHENG LUO KUN,

                                                Defendants.
------------------------------------------------------------------X

Case No.:

**FLSA COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

      Plaintiffs, XIN WEI SUN, BAO GUO ZHANG, LING ZOU, by and through their undersigned attorneys, Hines, Shotkin & Associates, file this complaint against the defendants, UMI SUSHI, INC, and ZHENG LUO KUN (the corporate and the individual Defendants are collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), they are entitled to recover from Defendants: (a) unpaid minimum wages,

(b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day their works shift exceeded ten(10) hours , (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §261(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct constituting the factual basis of the complaint took occurred in this judicial district.

## PARTIES

5. All Plaintiffs are residents of New York County, New York.

6. Defendant, UMI SUSHI, INC, is a domestic business corporation organized under the laws of the State of the New York, with a principal place of business at 118 E. 31st Street, New York, New York 10016.

7. The Corporate Defendant owns and operates a Japanese restaurant known as "Umi Sushi" located at 118 E. 31st Street, New York, New York (the "Restaurant").

8. The individual Defendant is a joint owner, shareholder, officer, director, supervisor, managing agent, and proprietor of the Corporate Defendant, who actively participates in the

day-to-day operation of the Restaurant and in so doing acts intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendant.

9. The Individual Defendant jointly exercises control over the terms and conditions of Plaintiffs' employment, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rate and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

10. At all times relevant to the allegations herein, the Corporate Defendant, either jointly or individually is, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods of commerce, or that it handles, sells, or otherwise works on goods or materials that have been moved in or produced for Commerce, and (ii) has had an annual gross volume of sales of not less than $500,000. Defendant employed Plaintiffs to work as delivery persons at Defendant's Japanese restaurant known as "Umi Sushi" located at 118 E. 31st Street, New York, New York from on or about March, 2017 for Plaintiff LING ZOU, from on or about mid-March 2018 for Plaintiff BAO GUO ZHANG, and from on or about April, 2018 for Plaintiff XIN WEI SUN. The work performed by Plaintiffs was and is directly essential to the business operated by Defendants.

12. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

13. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

14. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

15. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

16. At all times relevant hereto, Defendants' primary business was and is the sale of food and drinks for consumption.

17. The Corporate Defendant constitutes a "restaurant" within the meaning of the New York Labor Law.

18. The Individual Defendant actively participates in the day-to-day operation of the Restaurant. For instance, said Defendants jointly make decisions as to the hiring and firing of employees, jointly supervise and direct fee work of the employees, jointly instructs the employees how to perform their jobs, and jointly corrects and/or reprimand the employees for any errors made.

19. Said Individual Defendant also jointly creates and implements all business policies, and makes all crucial business decisions, including those concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

20. The Corporate Defendant is a single enterprise, utilizing these Plaintiffs and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

21. At all times relevant herein, Defendants hired Plaintiffs to work as non-exempt delivery persons at the Restaurant.

22. Neither at the time of hire, nor at any time, thereafter, did Defendants provide Plaintiffs with a written wage notice identifying Plaintiffs' regular hourly rate of pay and corresponding overtime rate of pay.

23. Plaintiff LING ZOU worked for Defendants in the above-specified capacity until on or about mid-September 2018, Plaintiff, BAO GUO ZHANG until on or about early August 2018 and Plaintiff, XIN WEI SUN until on or about October 2018.

24. Plaintiffs worked over forty (40) hours per week.

25. Throughout the entirety of their employment, Plaintiffs worked between five (5) and seven (7) days per week, and the work schedule consisted of 11 (11) or more hours per day. Plaintiffs were not required to punch a time dock or other time-recording device at the beginning and end of the daily work shift.

26. At all relevant times, from the beginning of employment and continuing through to or about September 16, 2018, Plaintiffs were not paid proper minimum wages or overtime compensation. During this period, Plaintiffs XIN WEI SUN and BAO GUO ZHANG were paid in cash, at the rate $1200.00 per month straight time for all hours worked and worked sixty-plus hours per week. Plaintiff LING ZOU was paid in cash at the rate of $20,240 per year and worked 55-plus hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27. At no time during their employment did Defendants provide Plaintiffs with a weekly wage statement when paying hi cash wages, which explained Plaintiffs gross wages, deductions, and net wages.

28. Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiffs, that Defendants were taking a "tip credit," (ii) failed to provide proper wage statements informing tipped employees, including Plaintiffs, of the amount of "tip credit" taken for each payment period, (iii) failed to keep proper records showing the amount of tips received each day and each week by tipped employees, and (iv) caused their tipped employees to engage in non-tipped work that exceeded 20% of their work shift, thereby rendering the '"tip credit" inapplicable.

29. Defendants knowingly and willfully operated their businesses under a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

30. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violate of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

31. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees a "spread of hours" premium for each day that they work a shift in excess often (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

32. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs brings this action individually and as a class representative on behalf of themselves and all other current and former non-exempt employees who have been or were employed by defendants and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

34. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, at all times relevant herein, there are more than twenty (20) Collective Action Members who worked for Defendants, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

35. Plaintiffs will fairly and adequately protect the interests of the Collective and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests contrary to or in conflict with those of members of this collective action.

36. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the Class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

37. A collective action is superior to other available methods for the fair and efficient adjudication, of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

38. Questions of Law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members:

a. Whether Defendants employed Plaintiffs and the Collective Action Members as within the meaning of the FLSA;

b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

c. Whether proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. Whether Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages;

e. Whether Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, costs and disbursements

39. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

40. Plaintiffs and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
[Violation of the Fair Labor Standards Act]

41. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a),

43. At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

44. Upon information and belief, at all times relevant to the allegations herein, the Corporate Defendants, either jointly or separately, have had annual gross revenues in excess of $500,000.

45. Plaintiffs and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

46. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

47. Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for total hours worked.

48. Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

49. Defendant failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

50. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

51. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half of all hours worked In excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs and the Collective Action Members.

52. As a result of Defendants' failure to properly record, report, credit and/or compensate their employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine

the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§211(c) and 215(a).

53. Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

54. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

55. Due to Defendants' reckless, willful and unlawful acts, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

56. Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C, § 216(b).

## COUNT II
[Violation of the New York Labor Law]

57. Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58. Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

59. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

60. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at the rate of time and one-half tor each hour worked in excess of forty (40) hours in a workweek.

61. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

62. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay a "spread of hours" premium to Plaintiffs for each day the work shift exceeded ten (10) hours pursuant to Now York State Department of Labor Regulations.

63. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

64. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

65. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law §661.

66. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

67. Neither at the time of hiring, nor at any time thereafter, did Defendants notify Plaintiffs of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1),

68. Due to the Defendants New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, and unpaid '"spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) 198.

69. Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELIEIF

**WHEREFORE**, Plaintiffs XIN WEI SUN, BAO GUO ZHANG, LING ZOU on behalf of themselves and all similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

a. An award of unpaid minimum wages due under the FLSA and New York Labor Law;

b. An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

c. An award of unpaid "spread of hours" premiums due under the New York Labor Law;

d. An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

e. An award of liquidated damages as a result of Defendants' failure to pay minimum, wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law and the New York Stale Wage Theft Prevention Act;

f. An award of statutory damages for Defendants' failure to provide wage notices and wage statements pursuant to the Now York Labor Law and the New York State Wage Theft Prevention Act;

g. An award of prejudgment and post-judgment interest;

g.      An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

h.      Such other and further relief as this Court' determines to be just *and* proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       December 10, 2018

Respectfully submitted,

HINES, SHOTKIN & ASSOCIATES

*Attorneys for Plaintiffs*
45 West 34th Street, Suite 603
T. (212) 268-8668
F. (212) 268-8686

By: _____
    I. Fredrick Shotkin

By: _____
    Leonard X. Gillespie

### CONSENT TO SUE UNDER
### FAIR LABOR STANDARDS ACT

I, XIN WEI SUN, am an employee currently or formerly employed by Umi Sushi and/or related entities, and I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

I, BAO GUO ZHANG, am an employee currently or formerly employed by Umi Sushi and/or related entities, and I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

I, LING ZOU, am an employee currently or formerly employed by Umi Sushi and/or related entities, and I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
12/10/18

Xinhui Sun

Bao Guo Zhang

Ling Zou