

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

XIN WEI, et. al.,

        Plaintiffs,

-against-

UMI SUSHI, INC., et al.,

        Defendants.

18-CV-11559 (PGG) (BCM)

**REPORT AND RECOMMENDATION TO THE HON. PAUL G. GARDEPHE**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiffs Xin Wei Sun, Bao Guo Zhang, and Ling Zou filed this action, through counsel, on December 11, 2018, against Umi Sushi, Inc. and Zheng Luo Kun, seeking damages for defendants' alleged violations of the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). However, there has been no activity in this action for over two years, during which time plaintiffs' counsel – after unsuccessfully seeking leave to withdraw – has repeatedly ignored this Court's directions. On December 29, 2021, I ordered plaintiffs to show cause, no later than January 10, 2022, why this action should not be dismissed for failure to prosecute. Since plaintiffs failed to respond by that deadline (or at all), I now recommend, respectfully, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## Background

    Plaintiffs filed this action on December 11, 2018. (Dkt. No. 1.) Defendants answered on January 7, 2019. (Dkt. No. 12.) An initial case management conference was scheduled for March 7, 2019 (Dkt. No. 17), but plaintiffs' attorney, Leonard X. Gillespie, did not appear. (Dkt. No. 19.) Thereafter, plaintiffs failed to respond in a timely manner to defendants' discovery requests, resulting in orders compelling discovery and imposing a $600 sanction on their counsel. (Dkt. Nos. 27, 31.)

On October 1, 2019, attorney Gillespie – who was by then the only attorney of record for plaintiffs – attempted to withdraw as their counsel by notice. (Dkt. No. 36.) At my direction (Dkt. No. 37), Gillespie later filed a motion for leave to withdraw (Dkt. Nos. 39, 43), which was denied on November 13, 2019, because – among other things – he repeatedly failed to serve his motion papers on his clients, or otherwise notify them of his attempted withdrawal, thus putting their rights in jeopardy. (Dkt. No. 47.) I reminded attorney Gillespie that, "as counsel for plaintiffs, he continues to owe all of the duties that New York attorneys owe to their clients pursuant to, *inter alia*, the New York Rules of Professional Conduct" (*id*.), and directed him to appear for a status conference on November 25, 2019, but he failed to do so. (Dkt. No. 48.)

Attorney Gillespie remains on the docket as plaintiffs' sole counsel of record, remains a member of the bar of this Court, and appears to have an ECF account (to which, according to the Court's electronic records, he has never logged in). However, there has been no activity in this action since November 25, 2019. On December 29, 2021, I ordered plaintiffs to show cause by January 10, 2022, why this action should not be dismissed for failure to prosecute. (Dkt. No. 50.) There was no response.

## Discussion

A district court may, on motion or *sua sponte*, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41-42 (2d Cir. 1982). "To determine whether to dismiss a case for failure to prosecute, district courts employ a balancing test that considers the following five factors: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's

right to due process and a fair chance to be heard; and (5) whether the district judge had adequately assessed the efficacy of lesser sanctions." *Balderramo v. Go New York Tours Inc.*, 2019 WL 5682848 at *3 (S.D.N.Y. Nov. 1, 2019) *quoting U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Here, each factor favors dismissal.

*First*, plaintiffs have failed to take any action to advance this case over a period of more than two years. Although the fault appears to lie with their counsel, "the attorney is the [litigant's] agent when acting, or failing to act, in furtherance of litigation, and the [litigant] must bear the risk of attorney error." *Reeves v. City of Yonkers*, 2017 WL 2275025, at *4 (S.D.N.Y. May 24, 2017) (internal quotation marks omitted) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). *Second*, the Court has plainly warned plaintiffs, through their counsel of record, that their failure to respond to the Order to Show Cause by January 10, 2022 could result in the dismissal of this action. *Third*, defendants have been prejudiced by plaintiffs' noncompliance, in that they have been unable to take discovery or otherwise defend this action, which remains pending against them. The *fourth* factor also favors dismissal, as the Court has given plaintiffs multiple opportunities to advance this case, to no avail. Moreover, the Court has no contact information for the individual plaintiffs and thus no way to reach them other than through their counsel of record, attorney Gillespie. *Fifth* and finally, the Court has considered sanctions less harsh than dismissal, but concludes that any less severe sanction would be ineffective.[1]

## Conclusion

For the reasons stated above, I respectfully recommend that this action be DISMISSED, pursuant to Fed. R. Civ. P. 41(b), without prejudice. The Clerk of Court is respectfully directed to mail a copy of this Order to (1) Leonard X. Gillespie, Esq., 16 Court Street, Suite 2504, Brooklyn,

---

[1] Plaintiffs' counsel never paid the $600 discovery sanction assessed upon him on July 18, 2019, despite reminders. (Dkt. No. 44, 46.)

NY 11241; (2) Hines & Associates Law Office P.C., Att'n: Managing Partner, 450 Seventh Avenue, New York, NY 10123; and (3) *pro se* defendant Zheng Luo Kun at 112-45 39th Avenue, Apt. 1-E, Corona, NY 11368.

Dated: New York, New York
       February 3, 2022

_____
**BARBARA MOSES**
**United States Magistrate Judge**

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from this date to file written objections to my Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the chambers of the Honorable Barbara Moses at the same address. Any request for an extension of time to file objections must be directed to Judge Daniels. **Failure to file timely objections will preclude appellate review**. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).