UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIN WEI SUN, BAO GUO ZHANG,
and LING ZOU,

                          Plaintiffs,

        -against-

UMI SUSHI, INC., and ZHENG LUO
KUN,

                          Defendants.

**ORDER ADOPTING
REPORT AND RECOMMENDATION**

18 Civ. 11559 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

        On December 11, 2018, Plaintiffs Xin Wei Sun, Bao Guo Zhang, and Ling Zou initiated this Fair Labor Standards Act ("FLSA") action seeking unpaid wages and overtime compensation. (Cmplt. (Dkt. No. 1))

        On December 13, 2018, this Court referred the case to Magistrate Judge Barbara Moses for general pretrial supervision. (Dkt No. 6)

        On January 7, 2019, Defendants filed an answer to the Complaint. (Dkt. No. 12)

        On October 9, 2019, Leonard Gillespie moved to withdraw as counsel for Plaintiffs. (Dkt. No. 39)

        On November 13, 2019, Judge Moses denied Gillespie's withdrawal motion and scheduled a status conference for November 25, 2019. (Dkt. No. 47) Judge Moses ordered Gillespie "to appear in person" at the conference. (Id. at 2) However, Gillespie did not appear at the conference. (Nov. 25, 2019 Conf. Tr. (Dkt. No. 48) at 3-4)

        On December 29, 2021, since "there ha[d] been no activity in this action for over two years," Judge Moses ordered Plaintiffs to show cause in writing by January 10, 2022, why

this case should not be dismissed for failure to prosecute. (Dkt. No. 50) Plaintiffs have not responded in any fashion to Judge Moses's Order to Show Cause.

On February 3, 2022, Judge Moses issued a Report and Recommendation ("R&R") recommending that the case be dismissed for failure to prosecute. (R&R (Dkt. No. 51))

In her R&R, Judge Moses notifies the parties that they have fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (Id. at 4) The R&R further states that "[f]ailure to file timely objections will preclude appellate review." (Id.) Neither side has filed objections to the R&R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also

Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report."). This Court has nonetheless reviewed Judge Moses's R&R for clear error.

In the R&R, Judge Moses recounts Plaintiffs' failure to comply with her December 29, 2021 order. (R&R (Dkt. No. 51) at 1-2) Judge Moses then sets forth the five-factor test courts apply in considering whether an action should be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). (Id. at 2-3 (quoting Balderramo v. Go New York Tours Inc., No. 15 Civ. 2326 (ER), 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019))) Judge Moses finds that all five factors here favor dismissal, because "the Court has plainly warned [P]laintiffs, through their counsel of record, that their failure to respond to the Order to Show Cause by January 10, 2022 could result in the dismissal of this action." (Id. at 3) Judge Moses notes the prejudice to Defendants and the burden on the Court caused by Plaintiffs' failure to prosecute. (Id.) Finally, Judge Moses concludes that dismissal of the action is necessary because "any less severe sanction would be ineffective," given Plaintiffs' and Plaintiffs' counsel's non-compliance with the Court's orders. (Id.)

Based on the foregoing analysis, Judge Moses recommends that this action be dismissed without prejudice for failure to prosecute.

This Court has reviewed Judge Moses's R&R and finds it to be well-reasoned and free of clear error. See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). Accordingly, Judge Moses's R&R is adopted in its entirety, and Plaintiffs' claims will be dismissed without prejudice for failure to prosecute.

## **CONCLUSION**

For the reasons stated above, this action is dismissed without prejudice. The Clerk of Court is directed to close this case.

Dated: New York, New York
      February 23, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge